BROWN *v.* SNIDER.

1. SALES — ORDERS FOR GOODS — SEPARATE CONTRACTS — STATUTE
OF FRAUDS—QUESTION FOR JURY.
Where the testimony was conflicting as to whether or not
two separate orders for goods, both bearing the same date, but
one specifying an immediate and the other a future delivery,
were meant to constitute a single contract, so that acceptance
under the first would take the whole out of the statute of
frauds, the question was properly left to the jury.

2. SAME—CANCELLATION OF ORDER.
But, in any event, it appearing that the whole order was can-
celed before any of the goods were delivered, the vendor
could not rely on a subsequent acceptance under the first
order as reviving the transaction and taking the whole out of
the statute.

GRANT, J., dissenting.

Error to Mecosta; Palmer, J.   Submitted December 4,
1900.   Decided April 2, 1901.

*Assumpsit* by Frank E. Brown and John Sehler,
copartners as Brown & Sehler, against Jacob Snider, for
goods bargained and sold.   From a judgment for defend-
ant, plaintiffs bring error.   Affirmed.

*Charles E. Ward* and *C. H. Thrall*, for appellants:

The transaction should have been held to constitute but
a single contract, as a matter of law.   Benj. Sales (Ben-
nett's Ed.), §§ 134, 141, 167, 168, 173; Blackb. Sales, 17;
21 Am. & Eng. Enc. Law, 545; *Baldey* v. *Parker*, 2 Barn.
& C. 37; *Elliott* v. *Thomas*, 3 Mees. & W. 170; *Scott*
v. *Railway Co.*, 12 Mees. & W. 33; *Bigg* v. *Whisking*,
14 C. B. 195; *Gilman* v. *Hill*, 36 N. H. 318; *Allard* v.
*Greasert*, 61 N. Y. 1; *Rickey* v. *Tenbroeck*, 63 Mo. 563;
*Mills* v. *Hunt*, 17 Wend. 333; *Damon* v. *Osborn*, 1
Pick. 476 (11 Am. Dec. 229); *Farmer* v. *Gray*, 16 Neb.
401; *Gault* v. *Brown*, 48 N. H. 183; *Pope* v. *Porter*,
102 N. Y. 366 (7 N. E. 304); *Cherry Valley Iron
Works* v. *Florence Iron River Co.*, 12 C. C. A. 306, 64

Fed. 569; *Norrington* v. *Wright*, 115 U. S. 203, 6 Sup.
Ct. 12; *Cleveland Rolling-Mill Co.* v. *Rhodes*, 121 U.
S. 255, 7 Sup. Ct. 882.

*Frank Dumon*, for appellee.

MOORE, J.   The plaintiffs live in Grand Rapids, and
are wholesale dealers in robes, blankets, and harnesses.
The defendant resides at Remus, and is a retailer of the
same line of goods.   On the 31st day of May, 1899, the
agent of plaintiffs visited the defendant at his place of
business, having with him samples of his goods, from
which defendant made selections of goods which he orally
agreed to purchase.   The agent made in triplicate two lists
of the goods ordered, one of which he gave to defendant,
and one was forwarded to the plaintiffs.   The heading of
the first of these lists reads as follows:

"Date, May 31st, '99.          BROWN & SEHLER,
" Salesman, D. D.          GRAND RAPIDS, MICH.
          " Sold to J. Snider.
"Ship to Remus, *via* D., G. R. & W., at once."

Then followed a list of goods amounting to $29.62.

The heading of the other list reads as follows:

"Date, May 31st, '99.          BROWN & SEHLER,
" Salesman, D. D.          GRAND RAPIDS, MICH.
          " Sold to Jake Snider.
" Ship to Remus, Oct. 1st, '99."

Then followed a list of goods amounting to $95.05.

Both of these lists were signed by Brown & Sehler, per
D. D., but neither of them was signed by defendant.

On the following day the defendant' wrote the plaintiffs
as follows:

          "REMUS, MICH., June 1, 1899.
"Mr. BROWN SEHLER, Esq.:
     "Please cancel my whole order given to Mr. D. Drum-
mond, as I have found out he had been to Mr. Huber and
tried to sell him some goods, and as I do not want to trade
with you if Huber & Farwell are your customers.   Hear
you have taken care of Huber & Farwell first.   So please
cancel my whole order, as I won't accept it under circum-
stances, and oblige,          Respectfully,
                    "JACOB SNIDER."

To which the plaintiffs replied, under date of June 3d, as follows:

"JACOB SNIDER,
          "Remus, Mich.
    "*Dear Sir:* Replying to your favor of the 1st, will say that our Mr. Drummond did not sell Huber & Farwell anything we sell you. You do not buy light harness of us, and he sold them some light harness, and that is all he sold them. If you bought harness of us, we would give you the exclusive sale in the town; but, as you do not, you could not ask us not to sell any one else in the town. We will ship your goods.
                    "Yours truly,
                    "BROWN & SEHLER."

It further appears from the record that on the 2d day of June, 1899, the plaintiffs shipped to the defendant the goods for immediate delivery, and sent to him by mail an invoice of the same. The writer of the letter of June 3d did not know the goods had been shipped when he wrote the letter. When these goods arrived at Remus, they were received and accepted by the defendant, and subsequently paid for; he paying the plaintiffs on the 18th day of August, 1899, their entire account, which included the goods shipped June 2d. On the 1st day of September, 1899, the defendant wrote the plaintiffs as follows:

"Mr. BROWN & SEHLER: Have you canceled my order for horse blankets? If not, then cancel same, as I will be unable to accept them, and save further trouble, and oblige,          Respectfully,
                    "JACOB SNIDER."

This letter was received by plaintiffs on the morning of the 3d day of September. On the 1st day of September, 1899, the plaintiffs shipped to the defendant, at Remus, the goods specified in the second list, which consisted of horse blankets, and mailed him an invoice thereof. The defendant refused to receive the goods, and on the 16th day of September wrote the plaintiffs as follows:

"BROWN & SEHLER,
    "Grand Rapids, Mich.
    "*Gentlemen:* Your bill of horse blankets I strictly re-
fuse, as I have notified in time; lies here subject to my
cancellation, and subject to your disposal. Please look
after them, and oblige,
                    "Yours respectfully,
                        "JACOB SNIDER."

Other correspondence followed, and finally this suit was
brought. A verdict was rendered in favor of the defend-
ant. The plaintiffs have brought the case here by writ of
error.

It is the theory of the plaintiffs that there was in fact
but one transaction between the parties, that the orders
constituted but one contract, that such contract was partly
performed when the defendant received and accepted the
goods which were for immediate shipment, and that the
case was taken out of the statute of frauds by the act of
the defendant in accepting and receiving such goods, and
that when the plaintiffs had set apart the remainder of the
goods, and delivered them to the carrier, consigned to
the defendant, and the term of credit had expired, their
right of action was complete; and they asked the court to
direct a verdict in their favor for the amount of the claim.

On the part of the defendant it is claimed that the
orders, although given at the same time, were distinct and
separate contracts; that the one was an order for goods to
the amount of $29.62, to be delivered at once, and that
this order was not affected by the statute of frauds; that
the second order was for goods to the amount of $95.05,
to be delivered several months later, and not until after
the terms of credit given on the first order had expired;
that, upon the undisputed facts of the case, the last order
was void under the statute of frauds, and was not taken
out of the operation of the statute of frauds by reason of
the fact that the defendant received and paid for the
goods specified in the order for immediate delivery; and
he asked that the court direct a verdict in his favor. The
court denied the requests of counsel for the respective

parties, and submitted the case to the jury upon the theory advanced by each, and explained to them in his charge the claims of the respective parties.

It is the claim of the plaintiffs that, under the undisputed facts in the case, the transaction was one entire contract, and the court should have so instructed the jury; citing a good many authorities. The authorities cited undoubtedly establish the proposition that because a separate price was agreed upon for each article of merchandise, or because some of the articles purchased were to be delivered at one time and some at another, it would not follow that the transaction was not a single transaction, constituting but one contract. In this case, however, we think there is a difference of testimony as to what the transaction was, which made it a question for the jury as to whether on May 31st but one contract was made. *Marcott* v. *Railroad Co.*, 47 Mich. 1 (10 N. W. 53); *Harris* v. *Township of Clinton*, 64 Mich. 447 (31 N. W. 425, 8 Am. St. Rep. 842); *Ashman* v. *Railroad Co.*, 90 Mich. 567 (51 N. W. 645), and the many cases there cited.

There is another view of the case which I think would preclude a recovery by the plaintiffs. If what occurred on May 31st was an entire transaction, it was void because of the statute of frauds. It was, at most, on the part of the defendant, an offer to buy the goods, which might be revoked at any time before he accepted them. *Smith* v. *Brennan*, 62 Mich. 349 (28 N. W. 892, 4 Am. St. Rep. 867); *McCormick Harvesting-Machine Co.* v. *Cusack*, 116 Mich. 647 (74 N. W. 1005). Before any of the goods were received by the defendant, he wrote plaintiffs, canceling the entire order. He never renewed the order, or agreed to accept the second list of goods. It is true, he accepted the goods which were shipped him on the 2d of June, and paid for them; but at no time after his letter of June 1st did he give plaintiffs to understand he would accept the balance of the goods, but, on the contrary, he again (September 1st) wrote them he would not accept the goods which were to be shipped October

1st. I think the judge would have been justified in directing a verdict for defendant. Instead of doing so, he submitted the question to the jury, who found against the claim of plaintiffs.

Judgment is affirmed.

MONTGOMERY, C. J., HOOKER and LONG, JJ., concurred with MOORE, J.

GRANT, J. (*dissenting*). There is no dispute upon the facts in this case. Both parties agree as to what took place at the date of the sale. There was but one transaction, and one order. The mere fact that the order was taken on different pieces of paper is of no more significance than as though the whole order was placed upon one piece, with a designation that the goods be shipped at different times. That defendant regarded it as one transaction is evident from his letter, in which he says, "Cancel my whole order." There is no dispute, and the question became one of law for the court. I think, under the authorities, there was but one order, and that the acceptance and payment of the goods ordered shipped immediately, took the case out of the statute of frauds.

The second point in my Brother's opinion is not raised in the briefs of counsel. We have not, therefore, the benefit of an argument upon it. I cannot concur, however, in my Brother's conclusion. Defendant canceled his entire order by letter of June 1st. Had he stood upon that, plaintiffs could not recover. But plaintiffs replied, explaining the situation, and notified defendant that they would ship the goods. Both letters treated the transaction as one, and referred to all the goods ordered. The first goods were shipped and accepted. It was not necessary to renew the order. The explanation appeared to be satisfactory to defendant, and his acceptance of the goods first shipped was a ratification of the original contract, and a notification to plaintiffs that their explanation was satisfactory.

The judgment should be reversed, and a new trial ordered.