BLUMENTHAL *v.* FRIEDMAN.

[No. 23,304.   Filed May 28, 1918.   Rehearing denied
October 30, 1918.]

FRAUDS, STATUTE OF.—*Findings.—Contract.—Acceptance of Part of Goods.*—In an action to recover the price of goods, where the court found that two orders for goods were given verbally at the same time and that a separate memorandum of each was made, the goods to be delivered at different times, the use of the words "same transaction" in the finding in reference to the orders did not amount to a finding that they constituted only one contract; hence the acceptance of one lot of the goods did not take the entire transaction out of the statute of frauds, as would have been the case, had the orders constituted a single contract.

From Greene Circuit Court; *Theodore E. Slinkard,* Judge.

Action by William Blumenthal and others against Louis Friedman. From a judgment for the defendant, the plaintiff appeals.   (Transferred from the Appellate

Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Guy H. Humphreys,* for appellants.
*Henry Bordenet* and *Webster V. Moffet,* for appellee.

MYERS, C. J.—Appellants brought this action against appellee to recover $504.25 for merchandise alleged to have been sold and delivered by the former to the latter. A bill of particulars was filed with the complaint and made a part thereof.

Appellee answered:    (1) By general denial; (2) statute of frauds.    Appellants replied by general denial. The trial was by the court.    The facts were found specially, conclusions of law stated thereon in favor of appellee, and over appellants' exceptions to the conclusions of law the court rendered judgment accordingly.    The only error here assigned is that the court erred in its conclusions of law.

In substance, the special findings show that in November, 1913, appellee was a dealer in mens' and boys' clothing, and had a store at Jasonville, Indiana, under the supervision and management of one Joe Gold, who was authorized to buy such goods as were necessary to keep up the stock of that store.    Appellants at that time had in their employ as a traveling salesman one Parish, who, at the city of Terre Haute, Indiana, received from Gold a verbal order for the goods mentioned in the complaint.    At the same time and place Gold also ordered from appellant's salesman nineteen overcoats. A memorandum of each of these orders was placed on separate sheets of paper.    The overcoats were shipped immediately, and appellee received and paid for the same.    The goods on the memorandum described in the complaint were to be shipped the following spring. They arrived at Jasonville in March, and within three

days thereafter they were returned to appellants at Philadelphia, Pennsylvania.

For a reversal of the judgment appellants rely on findings showing that the "same transaction" covered the goods in controversy and the nineteen overcoats which were received and paid for. Their reliance is based on the words "same transaction," which they insist were used by the court in its findings in the sense of one contract. We do not understand that these words were so used. They covered the negotiations and all that took place between the parties at the time the one or more contracts were made. While a contract may be said to be a transaction, yet every transaction is not a contract. Worcester's Dictionary; Webster's Dictionary; *Xenia Branch Bank* v. *Lee* (1858), 7 Abb. Pr. (N. Y.) 372; *First Nat. Bank, etc.* v. *Wisdom's Exrs.* (1901), 111 Ky. 135, 63 S. W. 461; *Scarborough* v. *Smith* (1877), 18 Kan. 399, 406; *Kroh* v. *Heins* (1896), 48 Neb. 691, 67 N. W. 771.

The complaint seeks to recover for only the goods which were to be delivered in the spring. It is the theory of appellants that the order for the goods itemized in the complaint and the order for overcoats constituted one contract and, as part of the goods—the overcoats—were received and paid for, thereby the whole contract was taken out of the statute. If the facts found justified appellant's theory, then their conclusion would be correct. *Weeks* v. *Crie* (1900), 94 Me. 458, 48 Atl. 107, 80 Am. St. 410; *Brown* v. *Snider* (1901), 126 Mich. 198, 85 N. W. 570.

But as we construe these findings, they show a verbal order for the goods for which this action was brought, and for which appellee was to pay $504.25, that being their value. The finding in which the words "same

transaction" are found does not amount to a finding that both orders were included in one contract. The findings are not clearly stated, but amount to a finding that the two orders were separate contracts. By so construing these findings, and upon the theory that all the facts have been fully and fairly found, the conclusions of law are correct, and the judgment is affirmed.

NOTE.—Reported in 119 N. E. 713. See 96 Am. St. 220; 20 Cyc 245, 251.