## WERTHEIMER ET AL. *v.* KLINGER MILLS, INC.

[No. 27,346.   Filed February 10, 1940.]

482

*H. W. Mountz* and *George E. Mountz,* both of Garrett, for appellants.

*Rex S. Emerick* and *Minnie E. Sperio,* both of Kendallville, for appellee.

SWAIM, J.—This was an action for damages for breach of a contract for the sale of a carload of seed. The appellants, defendants below, were engaged in the seed business at Ligonier, Indiana, and it was alleged in the complaint that they agreed, in writing, to sell certain seed to the appellee, plaintiff below, a foreign corporation engaged in the seed business in Butler, Pennsylvania; that there was a failure to make delivery pursuant to the written contract and that the damage resulting from such breach amounted to $1,421.69, for which amount judgment was prayed. The complaint also alleged that a true copy of said contract was shown by exhibits "A" and "B" which were attached to and made a part of said complaint. Exhibit "A," written on the seller's billhead, states the names of the parties, the method and time of shipment, the terms of payment, and describes the seed sold and the price to be paid therefor as follows:

"Quantity   F. O. B. Butler, Pa.          Price

| | | |
|---|---|---|
| 100 | Bags Full Timothy_____ | 1.59 per Bu. |
| 4 | Bags White Blossom S. Clo.____ | 3.20 per Bu. |
| 8 | Bags Yellow Blossom S. Clo.____ | 3.25 per Bu. |
| 70 | Bags Medium Clover_____ | 11.10 per Bu. |
| 30 | Bags Mam Clover_____ | 11.10 per Bu. |
| 5 | 1 bu. Bags Idaho Blue Tag Grim | 13.75 per Bu. |
| 2 | Bags Common Idaho Alfalfa____ | 10.50 per Bu. |
| 12 | 1 bu. Bags White Clover_____ | .24 per lb." |

The statement was signed by one of the appellants as a partner. Exhibit "B" is a letter from the appellants to the appellee making certain corrections in quantities as follows: "White Clover to 6 bushels, Medium Clover to 65 bags, Mammoth Clover to 25 bags," and then giving additional descriptions as to quality and purity of the seed.

The complaint further alleged that the timothy seed was in three bushel bags; that the eight bags of yellow

blossom contained twenty bushels; that the sixty-five bags of medium clover contained one hundred seventy-six and seven-twelfths bushels; that the twenty-five bags of mammoth clover contained sixty-seven and eleven-twelfths bushels, and that the two bags northern alfalfa contained five and twelve-thirtieths bushels.

To this complaint there was filed an answer in three paragraphs, (1) general denial, (2) pleading a set-off, and (3) pleading an abrogation of the contract by the mutual agreement of the parties. To the two affirmative paragraphs of answer the plaintiff filed a reply in general denial. At the conclusion of all of the evidence the defendants moved the court to instruct the jury to return a verdict for the defendants, which motion was overruled. The jury returned a verdict for the plaintiff and judgment was entered thereon.

The only error assigned here is the overruling of the motion for a new trial. The only propositions which appellants have presented for our determination are, (1) that the verdict of the jury was not sustained by sufficient evidence, (2) that it was contrary to law, and (3) that the court erred in refusing to give to the jury defendants' instruction numbered 1, which instruction directed the jury to return a verdict for the defendants.

The contract, being for the sale of goods of the value of more than $500.00, was not enforceable unless part of the goods so contracted to be sold was received and accepted by the buyer; or the buyer gave something in earnest to bind the contract or in part payment thereof; or unless some note or memorandum in writing of the contract was signed by the party to be charged or by his agent. §§ 33-105, 58-104, Burns' 1933, § 14781, Baldwin's 1934. There is no contention herein that there was any partial delivery or acceptance of the goods: or that there was any pay-

ment of earnest money or part payment on the contract. Therefore, in order for this contract to be enforceable by appellee the written memorandum of the agreement must be such as to meet the requirements of the statute. It was alleged in the complaint that the "defendants entered into a contract in writing . . . by which the defendants agreed to sell and deliver to the plaintiff" the seed in question, and appellee insists that it proved a sufficient written contract. The appellants contend that the written statement and letters signed by the appellants did not constitute a sufficient "note or memorandum in writing" to comply with the statute, because (1) the two exhibits filed with the complaint were not so connected and identified by their terms as to constitute a valid written contract, and (2) the contract fixed a price per bushel for the seed but fails to specify the number of bushels to be included in the sale.

We are of the opinion that the appellants' first contention cannot be maintained. An examination of the exhibits filed with the complaint and of the letters written by the parties in reference thereto are sufficiently connected and identified by reference therein to show that they all referred to the one transaction. *Wills* v. *Ross* (1881), 77 Ind. 1; *Jennings* v. *Shertz* (1909), 45 Ind. App. 120, 88 N. E. 729.

As to appellants' second contention, it has repeatedly been held, both by the courts of this state and of the other states, that in order to take a contract of sale out of the Statute of Frauds the written memorandum must give all of the essential terms of the contract. A contract in writing which leaves some essential term thereof to be shown by parol is only a parol contract and is, therefore, not enforceable under the Statute of Frauds. In *Lee* v. *Hills* (1879),

66 Ind. 474, it was held that a signed memorandum written on a billhead of the defendants which stated the name and address of the buyer, the list of articles purchased with the price for each, the manner of the shipment and payment, but from which by mistake there was omitted the word "sold" before the name of the purchaser, could not be enforced, because it could not be considered as a written agreement of sale without supplying, by parol evidence, the omitted word.

The case of *Zimmerman* v. *Zehender* (1905), 164 Ind. 467, 73 N. E. 920, holds that contracts, which are required by law to be in writing, must be wholly in writing to be enforceable; and that where a writing purporting to set out a contract fails to include the agreed consideration such contract must be held to be a parol contract since it was necessary to prove a material part of such contract by parol evidence. The cases uniformly hold that parol testimony may be used to apply such a contract to its subject-matter, or to explain latent ambiguities, but not to supply facts to show the circumstances of the contract, or to supply any of its essential terms. *Graham* v. *Henderson Elevator Company* (1916), 60 Ind. App. 697, 707, 111 N. E. 332. In the case of *Peoples Outfitting Co.* v. *Wheeling Mattress Co.* (1918), 67 Ind. App. 18, 118 N. E. 827, it was held that where the quality of the goods or the material was essential in determining the identification of the goods sold such quality must be specified in writing in order to make a binding contract.

It has also been held that one of the essential terms of such a contract is the quantity of the goods sold. A memorandum of a sale of a number of "bales" of cotton at a specified price per pound without stating the number of pounds contained in the

bales was held not to meet the requirements of the Statute of Frauds. *Stewart and Son* v. *Cook* (1903), 118 Ga. 541, 45 S. E. 298.

In the case of *Mason Produce Co.* v. *H. C. Gilbert Co.* (1923), 194 Ind. 462, 141 N. E. 613, it was held that a written memorandum of sale of "one car" of beans which stated the price per pound, but not the number of pounds to be included in the car, was not sufficient to make a binding contract of sale. In that case this court said, "Certainly the name of the seller and the number of pounds sold were essential parts of a contract of sale, and telegrams which merely described the kind of article sold, the price per pound, the place and date of shipment, and the name of the purchaser, and referred to the quantity as a 'car,' were not sufficient to make a binding contract of sale."

In the instant case the written memorandum described the quantity of the seed in terms of "bags" and stated the price per bushel. Counsel for appellee contends that it was unnecessary that the written contract state the quantity of the various kinds of seed in bushels because the number of bushels contained in a "bag" of seed is common knowledge. The evidence not only failed to show the number of bushels contained in the various bags, but also failed to show any common usage or custom by which the use of the word "bag" in a seed order designated a definite number of bushels. On page 17 of the appellee's brief there is this statement: "It is common knowledge, known by everyone and everybody who has any use for clover seed, that a bag of clover seed contains 120 pounds. It was, therefore, not necessary for appellee to prove, or offer to prove, that a bag of clover seed contained two bushels, because any one with common knowledge understands full well what is meant by a bag of clover seed, par-

ticularly farmers, who composed the jury that tried this case." This statement is in direct conflict with the complaint herein. In writing the complaint counsel for appellee apparently thought it necessary to specify the number of bushels to be contained in the various bags used. It is to be noted that while the bags of timothy seed are alleged to contain three bushels, the bags of the other varieties of seed are alleged to contain various amounts, none of them containing two bushels, the amount which the appellee insists is so fixed by custom that it is a matter of common knowledge. In the absence of any evidence showing a usage or custom by which the word "bag" when used in a contract for the sale of seed, designates a definite quantity, we are constrained to hold that the written contract, on which the appellee depends, was fatally defective in failing to specify in writing the quantity of the seed of each kind to be sold.

The appellee insists that the verdict and judgment of the lower court cannot be disturbed on appeal because there was some evidence on which to base the amount of damages as found by the jury. The appellee points out the fact that the written contract did specify a definite quantity as to certain of the smaller items of the seed and that the evidence did show that the appellee had certain expenses in connection with the contract. All of the damages shown by the evidence, however, arose out of the alleged breach of the contract. Evidence of damage, even if conclusive, could not sustain a verdict or a judgment where, as here, the contract, the breach of which caused the damage, was unenforceable.

Where there is but one contract it either does or does not comply with the Statute of Frauds regardless of the

number of separate and distinct items the contract may cover. A single contract covering different items is not separable so that it is unenforceable because of the Statute of Frauds as to some items and valid as to the other items. A single contract of sale covering several items which are separately described and priced is unenforceable as to all of the items if essential terms of the contract as to some of the items are omitted. 27 C. J. 231, 232, and cases there cited. This principle is recognized in the case of *Blumenthal* v. *Friedman* (1918), 187 Ind. 591, 593, 119 N. E. 713. In this case there can be no serious contention that the entire transaction between the parties was not covered by a single contract. It was so pleaded in the complaint; it was so treated by the parties; and it must be so considered by the court. There could, therefore, be no recovery by the appellee of damages sustained on certain items of the sale on the theory that there was a valid contract as to those particular items which were sufficiently described even though the contract was unenforceable under the Statute of Frauds as to other items which were not sufficiently described.

Since the contract here in question was required to be in writing to be enforceable, and since there was no evidence to show that one of the essential terms of the contract was included in the contract as written, the verdict of the jury awarding damages to the appellee for a breach of said contract is not sustained by the evidence and the trial court was in error in not directing the jury to find for the defendants.

The judgment is reversed with instructions to the trial court to grant a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 25 N. E. (2d) 246.