HECKAMAN ET AL. *v.* MYERS PRODUCE CREAMERY, INC.

[No. 18,919. Filed October 24, 1957. Rehearing
denied November 21, 1957.]

*Joseph W. Kindig,* of Nappanee, *Vernon, Hartzog, Barker & Hepler,* of Goshen, for appellants.

*Bontrager & Spahn,* of Elkhart, for appellee.

ROYSE, J.—This is an action brought by appellee against appellants to recover a sum of money alleged to be due under an oral contract for the sale by appellee to appellants of certain articles of personal property, including a number of ice cream cabinets and soda fountains, and for a gallonage fee of ten cents per gallon on each gallon of ice cream sold from said cabinets and fountains during a period of one year after the alleged sale. Trial to a jury resulted in a verdict in favor of appellee for $11,085.00. Judgment accordingly.

The question presented by this appeal is one of fact. The parties are agreed that in determining the question presented we may consider only the evidence and the reasonable inferences that may be drawn therefrom most favorable to appellee. With that

rule as our guide we are of the opinion the record establishes the following facts:

At all times referred to herein appellee was and is an Indiana Corporation with its principal office in Bourbon, Marshall County, Indiana. Prior to October 5, 1948 it was engaged in the business of buying and selling butter and eggs. On or about the last mentioned date it went into the business of manufacturing and distributing ice cream. It purchased a freezer, installed a hardening room, bought two delivery trucks and ice cream cabinets and soda fountains. The cabinets were placed on the routes previously serviced with butter and eggs. Ice cream manufactured at its plant was sold through these cabinets. These cabinets and soda fountains were purchased from Frigidaire Sales Corporation and from the C. Nelson Manufacturing Company under conditional sales contracts.

Appellants were and are a co-partnership doing business under the name of Nappanee Dairy with its principal office in Nappanee, Elkhart County, Indiana. For many years prior to the 22nd day of September, 1949, they had operated a milk business in and around Nappanee.

On the last mentioned date appellee suffered a fire which made it impossible for it to manufacture ice cream. A day or two after the fire appellant Claude Heckaman, in a conversation with one Max Myers, appellee's treasurer, offered to freeze the ice cream in their plant so that appellee could deliver it in its trucks. Myers told him they would be interested in selling the routes and equipment. He said he would take it up with his brother, appellant Ivo Heckaman.

On or about the 3rd of October, 1949, appellants and the officers of appellee entered into an oral agreement whereby appellants agreed to purchase from appellee a G. M. C. and a Chevrolet truck for $3,000 each; a 4 x 4 Vilter self contained compressor, $1,652.35; glass

lids, $173.25; 3 heaters, $200; 3 drums of ammonia, $52.50. There is no dispute between the parties as to the above items. At the same time it was further agreed that appellants would purchase from appellee the ice cream cabinets it was buying on contract on the following basis: Appellants would pay the cost price of these cabinets less 20% and less the unpaid balance due on the sales contracts, and in addition would pay appellee ten cents a gallon for all ice cream sold through these cabinets for a period of twelve months. Payment to be in cash when the amounts due on this basis could be determined. Appellants, on October 4, 1949, took possession and control of the trucks, and from that date had control of and serviced the above mentioned cabinets. At said time they employed two truck drivers who had been employed by appellee to service the cabinets. Formal transfer of the trucks, cabinets, etc., was at various times between October 17, 1949 and January, 1950. Prior to the time of formal transfer of these cabinets appellants sold several of them. There were 83 Frigidaire units and 23 Nelson units. The total original purchase price of these units was $28,117.65. Payments of $13,257.58 had been made on these units and appellee's equity at the time of the transfer was $15,458.07.

Appellants found it necessary to move their plant into larger quarters to take care of the new business. This caused them some financial difficulties. They had several conferences with the officers of appellee about the payments which were due in cash. Early in January it was agreed that appellee would take the note of appellants for $10,179.66. (This note has been paid and is not involved in this action.) At the time the note was executed it was agreed that it should be dated October 4, 1949, the date appellants took possession of the equipment. At that time the following memorandum was made:

"Myers Produce Company, Inc., a corporation organized under the laws of the State of Indiana, with office at Bourbon, Marshall County, State of Indiana, do hereby bargain, sell, assign, transfer, set over and deliver to Claud Heckaman, and Ivo Heckaman, d/b as the Nappanee Dairy, of Nappanee, Elkhart County, Indiana.

| | | |
|---|---|---|
| 1 G.M.C. Truck with Ice Cream Body | 3000.00 | |
| 1 Chev. " " " " " | 3000.00 | |
| 5th Wheel Account | 101.56 | |
| 4 x 4 Vilter self contained compressor 1700.00 | | |
| less charges on Motor 47.65 | 1652.35 | |
| Bill from Frig. Cabinet Co., Glass lids | 173.25 | |
| 3 Heaters | 200.00 | |
| 3 Drums Amonia 300# @ 17½ | 52.50 | 8179.66 |
| Part Equity in Ice Cream Cabinets | 2000.00 | |
| | 10,179.66 | |

Note is hereby given and secured by the above equipment.

Signed Claude Heckaman
Signed Ivo M. Heckaman"

At the time the foregoing instrument was signed by appellants they owed appellee an additional $7,714.54 on the cabinets and agreed to pay this sum from the proceeds of a mortgage they were negotiating on their new plant. Appellee made several demands for this sum and the gallonage fee after this instrument was signed and prior to the commencement of this action.

It was stipulated by the parties that during the twelve month period immediately following October 4, 1949 appellants, through cabinets purchased from appellee, sold 20,480 gallons of ice cream.

Appellants contend there were two separate contracts, the one for items hereinbefore referred to as not being in dispute, and the second for the cabinets. They base this contention on the fact that the formal transfer of the cabinets was not made until about October 17, 1949 when the representatives of the Finance Company were present and approved the trans-

fer. They assert that prior to that time they had been merely servicing the cabinets for appellee. Therefore, they assert the second contract "was within the Statute of Frauds, without consideration and without sufficient evidence to establish a prima facie case."

Appellee contends there is evidence in the record to establish there was one contract entered into on the terms set out above. While it denies there were two contracts it says even though there were, the second transaction does not fall within the Statute of Frauds because delivery of the cabinets was made at least thirteen days before the formal assignment of the conditional sales agreement. It says there was a conflict in the evidence, and the evidence most favorable to it is sufficient to sustain the verdict of the jury.

We agree there is a conflict in the evidence. If the verdict had been in favor of appellants we could not have disturbed it. We do not believe it would serve any good purpose to detail the evidence which we believe establishes the facts set out above. Suffice to say that the evidence of appellants as to the conversations leading up to the agreement, the delivery of trucks and cabinets and the care with which they kept gallonage records of the cabinets, would tend to support, at least by inference, the contention of appellee.

The cases of *Lowman* v. *Sheets* (1890), 124 Ind. 416, 24 N. E. 351; *Blumenthal* v. *Friedman* (1918), 187 Ind. 591, 119 N. E. 713; *Wertheimer* v. *Klinger Mills, Inc.* (1940), 216 Ind. 481, 25 N. E. 2d 246; *Hausman* v. *Nye et al.* (1878), 62 Ind. 485, 491; and *Leach* v. *Prebster et al.* (1872), 39 Ind. 492, 495, cited by appellants, are clearly distinguishable from the facts in this case.

Therefore, we are of the opinion there is ample evidence in the record to support the verdict of the jury and it is not contrary to law. In view of this conclu-

sion it is not necessary to discuss other contentions of appellants.

Judgment affirmed.

NOTE.—Reported in 145 N. E. 2d 403.