KATHARINE E. STRATBUCKER, APPELLANT, V. BANKERS REALTY INVESTMENT COMPANY, APPELLEE.

FILED NOVEMBER 17, 1921. No. 21616.

1. **Appeal:** EXCLUSION OF EVIDENCE. Where the petition states a cause of action, it is reversible error for the trial court to exclude competent evidence tending to prove the material allegations of such petition.

2. **Statute of Frauds:** SALE OF STOCK. A cash sale of stock upon an agreement whereby the seller undertakes to repurchase at the buyer's option constitutes an entire and indivisible transaction sufficiently performed to take it out of the statute of frauds, though the agreement to repurchase be oral.

3. **Corporations:** SALE OF STOCK: AGREEMENT TO REPURCHASE. If it does not appear to be in bad faith and injurious to the rights of its creditors or stockholders, a contract with a corporation, by which it sells certain of its shares of stock and agrees to repurchase the same upon the happening of a certain specified event, is not *ultra vires*, and for a breach thereof the purchaser may recover from the corporation the amount agreed upon as the price of such repurchase.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*Charles Battelle,* for appellant.

*Gaines, Ziegler, Van Orsdell & Gaines, contra.*

Heard before LETTON, DEAN and DAY, JJ., STEWART and SHEPHERD, District Judges.

SHEPHERD, District Judge.

This is an action for rescission. Plaintiff declared on two causes of action involving two similar purchases of the capital stock of the defendant company. She says that she bought upon the promise and representation of the company, made through its agent, Johnson, that at any time after the expiration of one year she might upon 30 days' notice return the stock to the defendant and have her money back with interest, and upon the further representation that the company maintained a reserve or resale fund of $100,000 duly deposited in bank. She says, further, that she believed said representations and relied upon them and so bought the stock; that they were in fact false, and known to be so by the defendant; that she made due and timely tender of said stock to defendant and demanded the return of her money on the 3d day of August, 1918, more than a year after it was bought; and that she now tenders the same in court and prays judgment for the amount paid therefor.

The defendant denied these allegations, and alleged in much detail that the stock in question was purchased by the plaintiff on written subscription contract signed and fully understood by her, and containing a provision that the stock would be issued by the defendant company in accordance with its constitution and by-laws, and that no conditions, agreements or representations other than those printed on said contract or in the said constitution and by-laws should bind the company, and that neither said constitution and by-laws nor said contract provided for the repurchase or return of stock, as alleged in the petition, nor was any officer or agent of the company authorized or permitted to so agree or represent; that the company received plaintiff's stock subscription believing

that her purchase was absolute, unconditional, and in conformity with the written agreement by her signed; that the plaintiff is estopped to plead the things pleaded and relied upon in her petition; and that the representations and agreements by her pleaded were wholly oral, and are for the purpose of varying and changing her written contract, and are consequently within the statute of frauds; that to permit her to recover on the grounds stated in her petition would be to work a fraud on other purchasers of the stock and upon the creditors of the company, and would also entail an unauthorized and illegal reduction of the capital stock; that the defendant at no time ratified, approved or had knowledge of, the pretended oral contract; and that plaintiff received large amounts in dividends on said stock, and made no effort to have the same resold till heavy losses had depreciated its value; and that she is estopped by her laches. The reply was a general denial of the averments of the answer.

Upon trial the plaintiff separately offered in evidence the two certificates of stock issued to her upon her purchase, also two applications for stock not referred to in her petition. These offers were objected to on three grounds: (1) That the petition fails to state a cause of action; (2) that the contract for resale or repurchase was not to be performed within a year, and was consequently within the statute of frauds; and (3) said offers were attempts to alter and vary the terms of a written contract of subscription by proof of oral representations leading up to the same. The objection was sustained in each instance. Upon each ruling the plaintiff offered to prove, among other things, in great detail, that the defendant represented that it maintained a cash reserve fund and had it deposited in the bank. This was a material allegation and the printed matter on the back of said stock certificates and applications, being excerpts from the company's by-laws, referred to repurchase and to said fund and tended to prove it. As a matter of fact, without the said applications in evidence, there was

nothing to in any wise show that the oral representations made by the agent tended to vary the terms of a written contract, for the pleadings make the existence of any written contract a matter of dispute. But, even if we consider them as being such contract, the printed matter described, referring to repurchase and to said fund, is both competent and effective. An excerpt from the same is as follows:

"Sec. 3. Resale Fund. One half of the guarantee reserve as provided in section 2 of this article shall be used as a resale fund; such resale fund to be deposited in a bank or trust company selected by the board of directors, * * * and it shall be the duty of the manager of the resale fund to personally resell such stock in the order received or take over such stock as offered for resale upon such terms as such manager shall deem to be for the best interest of the company, and to use the resale fund without any discrimination among stockholders in purchasing, taking over, or reselling such stock offered for resale."

The above is from the written application for stock, apparently the very instrument which the defendant refers to in its objection as the contract sought to be varied by the evidence offered. Yet here is written evidence strongly tending to establish the existence of the large resale fund that was one of the inducements that led plaintiff to purchase. And plaintiff offered to prove that it was not in fact maintained. The excerpt also tends to show that there was an agreement, and a written agreement for that matter, to repurchase. Other statements printed on the back of the stock certificates are of similar probative force.

The court therefore committed error in rejecting the evidence in question, unless there is force in the objection that the agreement to repurchase was within the statute of frauds, because oral and not to be performed within a year. And considering these points of objection, it is evident that they are not sound. In the first place the excerpts referred to tend to establish a contract to re-

purchase in writing. And in the second place, conceding that it was oral, this court is of opinion that the sale and delivery of the stock for cash and the promise to repurchase constituted an entire and indivisible transaction sufficiently performed to take it out of the statute. *Hankwitz v. Barrett*, 143 Wis. 639. Nor can it be maintained that the agreement of the company to repay the purchase price upon the tender back of the stock is without power, and that therefore the petition fails to state a cause of action. This court has held to the contrary in *Fremont Carriage Mfg. Co. v. Thomsen*, 65 Neb. 370. We are content to abide by the doctrine therein announced, particularly in cases where no showing is made that such repurchase would endanger the life of the corporation or that the corporation is insolvent.

The representations made by Johnson, the selling agent of the company, to the effect that the company maintained this big reserve or resale fund and would promptly apply it to the repurchase of her stock upon demand after a year had elapsed, were doubtless made to persuade the plaintiff and operated as the inducement upon which she signed an application for the stock and entrusted her money to the defendant. There were references to the resale fund and to repurchase on the back of this application that tallied with the representations of said agent, and yet were so indefinite and so ambiguous as to render his explanation both natural and necessary. This inclines us to the view that these representations were a part of an indivisible contract, and that evidence of the same, though they rested in parol, was admissible.

The judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED.