MARGARET SAYRE BAKER, APPELLEE, V. SCHOOL DISTRICT NO. 48 OF SCOTTS BLUFF COUNTY, APPELLANT.

FILED JANUARY 2, 1931. NO. 27459.

*Raymond & Fitzgerald,* for appellant.

*George C. Porter, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

THOMPSON, J.

This action was instituted by the appellee, Margaret Baker, formerly Margaret Sayre, hereinafter called Baker, against the appellant school district on an ordinary school teacher's contract for nine months, to recover salary as such teacher for a period of five months that she did not teach, having been, as she claims, wrongfully discharged. Trial was had to a jury, verdict returned for Baker and judgment entered thereon for the full amount claimed, to reverse which the school district appeals.

There are numerous claimed errors for reversal presented. It is our conclusion, however, arrived at from an

examination of the entire record, that the question for our determination is, whether or not the motion of the school district for an instructed verdict in its favor, interposed at the close of Baker's evidence in chief, should have been sustained. As a basis for such motion, the following grounds, in substance, were urged: The evidence is insufficient to sustain a verdict in favor of Baker; the evidence affirmatively shows that the contract was not breached by the school district; the evidence shows that Baker voluntarily relinquished any claim under the contract; further, there is no evidence proving or tending to prove any legal damages.

Thus, the evidence should have our first consideration. The execution of the contract, the entering upon the performance thereof by Baker, the service rendered thereunder for four months by her, and the receipt of compensation therefor, are admitted. Sometime during the Christmas vacation period of 1928 and 1929 Baker was married. Thereafter the school board of the district, through J. K. Butcher, director, being desirous of obtaining a release from this contract, formulated and submitted by way of the mail a proposition to Baker, which, so far as material is as follows:

"Morrill, Nebraska, January 1, 1929. Mrs. Margaret Baker. Dear Margaret: I have talked with the other members of the board, in regard to continuing your school after marrying and it was our decision that Milton's inclination to be with you has been so strong that it would indicate that now since you are all his own he would be inclined to feel that he had a perfect right to be with you all he pleased, and we too believe he should have that privilege; therefore after carefully considering all we believe it would be more satisfactory to all concerned if you would hand in your resignation. I am very sorry things had to turn out this way, but under the circumstances, I am afraid it would end up unsatisfactory and if it was necessary to change teachers at all we much prefer to do it now."

A day or two after this letter was received by Baker, such Butcher called her over the telephone, and inquired if she had received such communication. She, in testifying as a witness in her own behalf, and as part of her main case, said that she had, and further stated:

"And he started to tell me that he had talked with the school board and they had decided it was the only thing to do. And I told him I would be out and talk to him that afternoon, and he said that would be all right."

Butcher, in testifying as her witness, and as a part of her case in chief, on this same matter, stated:

"I said, 'Did you get my letter?' And she said, 'Yes.' I said, 'I am very sorry things have turned out the way they have, but you know the dissatisfaction that existed out there and still seems to exist and after we have talked it over with the other members of the board, we decided that was the best thing to do.' She said, 'All right.' She said, 'I was just going out to your place.' And I said, 'I will be leaving town right away.' She said, 'I want to get my things.' And I said, 'Mrs. Butcher is home.' And I think that is all the conversation over the telephone."

Immediately thereafter Baker went to the Butcher home, where she had been rooming and boarding, obtained her belongings, then went from there to the schoolhouse, procured such articles of hers as had been used there by her as teacher, surrendered the key to the school building, or at least left such key, and returned to her then home. In the evening of this same day, Butcher, having relied on the statements and acts of Baker, and having discussed the matter with the county superintendent, employed another teacher; and such teacher, with full knowledge thereof on the part of Baker, entered upon the discharge of her duties and fully complied therewith for the remaining five months of the school term, and received the compensation agreed upon from the district therefor. During such period of five months Baker at no time objected to the course pursued by the school district; neither did she inform the school officers that she was ready, willing and

able to assume the duties as teacher, or that she desired to do so.

It is clearly apparent that the acts of these respective parties are inconsistent with the theory of a continuance of the contract, as claimed by Baker, but are confirmatory of the theory of the school district that the contract was abandoned by concurrence of the parties thereto.

Considering the testimony of Baker and Butcher, the one with the other, and each in connection with the above quoted letter, and with the acts of both parties forming an integral part of the same transaction, there can be but one conclusion arrived at, and that is, that the contract here involved was abandoned by the mutual consent of the contracting parties.

Where a contract is entered into and thereafter each party thereto performs acts inconsistent with its existence, but in each instance the inconsistent act of the one party is acquiesced in by the other, such contract will be treated as abandoned by mutual consent. *Herpolsheimer v. Christopher*, 76 Neb. 352.

It follows that the motion for a directed verdict should have been sustained, and the trial court committed reversible error in not so ruling.

It might be well to state further that the evidence taken subsequent to the overruling of the motion for a directed verdict in no manner changed the foregoing indicated situation, and the verdict of the jury was without support in the evidence.

This renders it unnecessary to consider any other claimed errors presented.

The judgment of the trial court is reversed and the action dismissed, and the costs of both this court and the trial court are taxed to appellee Baker.

REVERSED AND DISMISSED.