ALEXANDER REICHERT, APPELLEE, V. REINARD MULDER, APPELLANT.

FILED MARCH 26, 1931. No. 27604.

*Max V. Beghtol* and *G. Porter Putnam, Jr.,* for appellant.

*Sanden, Anderson, Laughlin & Gradwohl, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is an action to recover the amount represented by the book value of certain corporate stock which the defendant sold to the plaintiff under a written contract which required defendant to repurchase it at the book value at any time the plaintiff wished to sell. The trial court, at the close of all the evidence, directed a verdict in favor of the plaintiff. The defendant appeals. The only assignment of error which is presented by the argument or briefs is that the "trial court erred in enforcing the provision of the contract sued upon, for the reason that this contract was against public policy and therefore void and unenforceable."

The repurchase provision of the contract is: "It is hereby agreed by and between R. Mulder and Alexander Reichert, both of Lincoln, Nebraska, that whereas R. Mulder has this day sold and transferred to said Alexander Reichert, seven (7) shares of the capital stock of the Standard Planing Mill Company, a corporation, of the par value of $250 per share for the sum of $2,100.

"Now therefore for and in consideration of R. Mulder so selling and transferring of said seven shares of stock, Alexander Reichert hereby agrees that in case and in the event that he wishes to sell and dispose of the said stock, or any part thereof, that he will first offer it to R. Mulder for purchase at the book value per share and said R. Mulder hereby agrees to purchase said stock or any part thereof from the said Alexander Reichert at the said book value per share at any time he wishes to sell and dispose of same or any part thereof."

This controversy arose when the plaintiff desired to sell his stock to the defendant and tendered it to him on December 31, 1929. An agreement to repurchase corporate stocks at the buyer's option is valid and enforceable. *Stratbucker v. Bankers Realty Investment Co.*, 107 Neb. 194; *Grotte v. Rachman*, 114 Neb. 284; *Griffin v. Bankers*

*Realty Investment Co.,* 105 Neb. 419; *Trenholm v. Kloepper,* 88 Neb. 236; 50 A. L. R. 327, note. These cases discuss this question so exhaustively and cite the authorities so comprehensively that we do not find it necessary or profitable to repeat them here. The measure of damages for breach of contract to repurchase stock is the amount the seller agreed to pay as the repurchase price. *Heller v. Speier,* 119 Neb. 787. An agreement in a contract of sale of corporate stock to an employee to repurchase when the employment is terminated is valid and enforceable. While not directly discussed in the opinion in *Heller v. Speier, supra,* we sustained such recovery. See *Halsey v. Boomer,* 236 Mich. 328, 48 A. L. R. 622, and annotation therein, with cases cited. See, also, *Topken, Loring & Schwartz, Inc., v. Schwartz,* 249 N. Y. 206, 66 A. L. R. 1179, together with annotation and cases cited.

The defendant contends that this contract was against public policy and therefore void and unenforceable, for that as part of the contract, or at least as an inducement to its execution, there was an oral agreement by the defendant to employ the plaintiff at an arbitrary salary. The oral employment agreement is, "that, however, at said time and in consideration of and as part of the said agreement between plaintiff and defendant referred to in paragraph I hereof, defendant orally promised and agreed to keep and retain plaintiff in the employment of said corporation, of which defendant was president, manager and practically the sole owner, upon the same basis and at the same compensation as was then and would thereafter be paid to defendant's two sons, William and George, who were then working for the corporation, and plaintiff agreed to said terms."

In passing, we note that the defendant testified that he did not remember making such an agreement. The plaintiff and another former employee of defendant, who also purchased stock at the same time, testified to it. An examination of the agreements, however, reveals that neither is interdependent upon the other. The defendant agreed to repurchase the stock whenever the plaintiff wished to

sell. The wishes of the plaintiff and not the termination of employment is the controlling factor. It is evident that the agreement to employ was an inducement to the purchase of the stock, but once the sale had been executed, neither was dependent upon the other. A contract which in its nature and purpose is susceptible of division and apportionment is divisible and severable. 13 C. J. 561. The defendant contends that where as in this case a director, having sold stock to another, agreed as a part of the consideration for the repurchase agreement to employ the purchaser for the corporation at an arbitrary salary for an indefinite time, said repurchase agreement is against public policy and void. In support of his contention, he cites numerous cases to the effect that the law will not allow one in the fiduciary capacity of a director of a corporation to make a contract which places the possibility of a decision upon him the result of which would either be detrimental to him personally or disadvantageous to the corporation. However, since the termination of employment was not the condition precedent to the obligation of the defendant to repurchase, appellant's argument is not applicable. Whether a contract is entire or severable is a question of intention as apparent in the instrument. It is to be determined from the language and subject-matter. 13 C. J. 562; *Burwell & Ord Irrigation & Power Co. v. Wilson,* 57 Neb. 396; *Hamilton v. Thrall,* 7 Neb. 210. The fact is that the employment agreement, if made, was never carried out. It was abandoned. This stock was purchased February 28, 1920, and in May of the same year the plaintiff's compensation was fixed at 70 cents an hour, while that of defendant's sons was increased to $200 a month. This was clearly not in accordance with the terms of the agreement, which provided that plaintiff's compensation was to be the same as that of the defendant's sons. The plaintiff continued in the employment of the corporation without protest. A contract will be treated as abandoned, where each party performs acts inconsistent with its existence, which in each instance are acquiesced in by the other. *Baker v. School District,* 120

Neb. 513, citing *Herpolsheimer v. Christopher,* 76 Neb. 352. It is the general rule that a contract must be construed with reference to the provisions contained in it; however, in some cases the court will look to the subsequent actions of the parties under it as an aid to the determination of the intention of the parties. *Cady v. Travelers Ins. Co.,* 93 Neb. 634; *Schultz v. Hastings Lodge No. 50, I. O. O. F.,* 90 Neb. 454. In this case both parties by their actions have given the contract the same construction. The parties, by the abandonment of the alleged agreement for employment, have placed a construction upon the agreements involved in this case. With a knowledge of the terms, they have placed a construction that the ownership of the corporate stock was not affected by the termination of the employment agreement. The plaintiff in this case continued to hold the corporate stock for a period of years, while the agreement relating to employment was disregarded by both parties. The plaintiff continued to work for the corporation for years during which time his compensation was not according to the agreement. The parties themselves treated the contract as divisible and severable and clearly indicate their intention to be that the performance of one was not interdependent upon the other.

We have considered the entire record in this case and find no reversible error. The judgment of the district court is

AFFIRMED.