**BERRY v. HARPER.**

No. 5151.

Court of Civil Appeals of Texas. Texarkana.

Nov. 27, 1937.

Rehearing Denied Dec. 2, 1937.

Clark, Harrell & Clark, of Greenville, for appellant.

G. C. Harris, of Greenville, for appellee.

JOHNSON, Chief Justice.

This suit was filed by appellee, Pleas Harper, to recover damages for personal injuries sustained by his wife while she was a customer in appellant's store and resulting from gunshot wounds inflicted by the accidental discharge of an automatic shotgun in the hands of one Clifford Woodruff. The negligence charged against appellant was that of his employee W. T. Summers, who, while making a sale of loaded shotgun shells to said Woodruff, gave Woodruff permission to inject the shells into the gun for the purpose of seeing whether or not the gun would "handle" them, or if they would "fit or work in the gun"; and that such manipulation of the gun and loaded shells was at a time and place and in circumstances known, or by the use of ordinary care should have been known, by appellant's employee Summers as dangerous to the safety of other customers in the store. The case was tried to a jury. In answer to special issues the jury found: (1) That appellant's employee Summers was guilty of negligence in permitting Woodruff to place the shells in the gun at the time and on

the occasion in question; (2) that such negligence of appellant's employee, Summers, was the proximate cause of the gun firing and the resultant injury to Mrs. Harper. The jury assessed the damages at $250. Judgment was entered accordingly. From an order of the court overruling his motion for new trial, appellant, defendant below perfected his appeal.

■ Appellant has filed two assignments of error: (1) That the trial court erred in overruling defendant's motion to peremptorily direct a verdict for defendant; (2) that the trial court erred in refusing defendant's requested charge instructing the jury to return a verdict for defendant. Appellant contends that the negligence of which the jury found his employee guilty was not a "proximate cause" of the accident which resulted in injury to Mrs. Harper, but that the accident was the result of a "new intervening cause." It is appellant's contention that the gun was caused to fire by either a defect in the mechanism of the) gun, or by some improper manipulation of it by Woodruff; that either or both of these facts constitute that character of "new intervening cause" which as a matter of law relieved appellant from liability for the original negligence of his employee, and therefore the trial court was in error in refusing to direct a verdict for defendant.

The testimony does not show what was the precise or immediate cause of the gun firing. Woodruff testified that he told Summers of his recent purchase of the gun at a nearby secondhand store and asked Summers if he, Woodruff, could take some of the shells and see if the gun would handle them; that Summers handed him two shells from a broken box, and that he placed the shells in the magazine and pulled the ejector back and turned it loose in order to throw one of the shells into the barrel; that in doing so the gun fired; that he did not have his hand on the trigger and did not know what caused the gun to fire. He further testified that he had used the gun since the accident and that sometimes in shooting it the gun will fire "twice together." He further testified that he could have let the ejector down easily instead of turning it loose and letting it go down hard. He stated that in letting the ejector loose he had no idea that the gun would fire. There is no testimony indicating that turning the ejector loose and letting it go back hard or quickly is an improper or negligent manner of handling the gun or that such will cause the gun to fire. The verdict of the jury includes findings that the firing of the gun was not caused by any defect in the mechanism of the gun, and that it was not caused by any negligence on the part of Woodruff in the manner in which he operated it. However, should it be assumed that the firing of the gun was necessarily caused by either some mechanical defect in the gun or by some inaccurate manipulation of the gun by Woodruff (as distinguishable from a negligent manipulation), still we think it was a proper matter for the jury to determine, as they did, from all the attending facts and circumstances, whether Summers in the exercise of ordinary care ought reasonably to have anticipated the intervention of either or both of such facts and foreseen that such an accident or a similar one would likely result from his permission to Woodruff to manipulate the gun with loaded shells in the store where customers were. Summers was not acquainted with Woodruff at the time he gave Woodruff permission to see if the loaded shells "would work in the gun." Hence Summers had no special reason to rely on Woodruff's ability to accurately manipulate an automatic gun. Also Summers was not acquainted with this particular gun, further than Woodruff's statement to him that he, Woodruff, had just purchased the gun from a nearby secondhand store and wanted to see if it would handle the shells which he was buying from Summers. Hence Summers had no special reason to rely upon the gun as being free from mechanical defects.

■ It is not every "new intervening cause" that will relieve liability for the original negligence. If it be such a new intervening cause as in the light of the attending circumstances ought reasonably to have been foreseen, then the causal connection between the original wrong and the resultant injury is held not to have been broken. 30 Tex.Jur. 713–715, § 57.

"In determining the character of an intervening act which will break the causal connection between the original wrongful act and the subsequent injury, the question always is: Ought the injury complained of or some injury of a like character to some other person similarly situated to have been foreseen by the party

whose alleged negligence has caused it as the probable sequence of such negligence? If so, then the causal connection between the negligence and the injury is not broken." Houston Belt & Terminal Ry. Co. v. O'Leary, Tex.Civ.App., 136 S.W. 601, 605.

In Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 164, it is said: "We are not prepared to hold that in no case can the original cause of the injury be deemed the proximate cause, where an independent and disconnected agency has supervened and brought about the result. The fact of the intervention of an independent agency, it occurs to us, bears more directly upon the question whether the injury ought, under all the circumstances, to have been foreseen; and, where this latter fact appears, we think that the original negligent act ought to be deemed actionable."

The judgment of the trial court is affirmed.