40 N.W.2d 870 (1950)
152 Neb. 266
FARMERS UNION COOPERATIVE ELEVATOR FEDERATION
v.
CARTER.
No. 32687.
Supreme Court of Nebraska.
January 27, 1950.
*871 William Keeshan, Albion, Wear & Boland, Omaha, for appellant.
Earl Hasselbalch, St. Edward, for appellee.
Heard before SIMMONS, C. J., and CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.
SIMMONS, Chief Justice.
Plaintiff sued for damages for failure of defendant to deliver corn pursuant to an oral contract. Defendant filed a general demurrer which the trial court sustained on the ground that the action was barred by the statute of frauds. Section 69-404, R.S.1943. Plaintiff appeals. We reverse the judgment of the trial court.
Plaintiff pleaded that on September 22, 1947, the defendant orally opened a trading account with the plaintiff for the sale to it of grain commodities for future delivery, and that pursuant to said course of dealing the defendant entered into a series of oral transactions with the plaintiff.
As its first cause of action, plaintiff pleaded that on September 22, 1947, defendant orally sold to plaintiff 10,000 bushels of corn at $2.07½ a bushel, to be delivered in Omaha in December 1947, "and" a carload of corn at an agreed price of $2.22 a bushel, to be delivered in Omaha not later than October 2, 1947; that plaintiff made written memoranda of said transaction, bound itself, signed the memoranda, and sent them to defendant; and that copies of the memoranda are in the possession of defendant.
Plaintiff attached copies of the memoranda to its petition as exhibits. Exhibit A is dated September 22, 1947, is directed to defendant and recites that it confirms the purchase of 10,000 bushels of corn, and also recites the price. It contains the words "Shipment Ten Days December" and "If any feature of this contract is not understood and agreed to, wire us immediately, otherwise it will be considered accepted." Exhibit B is similar and confirms purchase of one car of corn"Shipment Ten Days"and has the same concluding sentence as exhibit A.
Plaintiff further alleged that on September 24, 1947, defendant acknowledged the transaction and orally requested correction of the written acknowledgment concerning the 10,000 bushels of corn from "10 days" to "December," to conform to the agreement of the parties, and that plaintiff agreed to change its copy of the memorandum and defendant would change his.
Plaintiff also alleged that prior to October 2, 1947, defendant "partially performed *872 his part of said contract," delivered the carload of corn and plaintiff paid therefor; that following December 22, 1947, plaintiff orally demanded the delivery of "the balance of said corn"; that the time of delivery was extended; and that the defendant failed and refused to deliver "said corn" or any part thereof, except the carload. Plaintiff pleaded the increased value of the corn, alleged its resulting damages, and prayed for recovery.
As a second cause of action, plaintiff pleaded an oral agreement to sell corn entered into on September 23, 1947. The sustaining of the demurrer to the second cause is not questioned here.
The demurrer is that the petition does not state facts sufficient to constitute a cause of action.
The trial court, in accord with its findings as set forth in a memorandum opinion, sustained the demurrer.
The plaintiff elected to stand on its petition. The trial court thereupon dismissed the case.
Section 69-404, R.S.1943, here involved, provides: "(1) A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.
"(2) The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time or may not at the time of such contract or sale be actually made, procured or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery; but if the goods are to be manufactured by the seller especially for the buyer, and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply.
"(3) There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."
It is plaintiff's contention here that it pleaded one contract and partial performance by the defendant by delivery of part of the corn, and acceptance and payment sufficient to take the contract out of the operation of the statute.
It is the defendant's contention that the plaintiff pleaded two contracts and that the cause is for failure to deliver the 10,000 bushels under a separate contract from that which was performed by the delivery of the carload. It further is the defendant's contention that even though there be one contract, it is a severable one; that there has been no part performance by delivery of any portion of the 10,000 bushels; and that accordingly the contract as to that divisible part is within the bar of the statute.
The trial court in its memorandum opinion accepted these contentions.
Defendant contends that in an action upon a contract within the statute of frauds the petition must state facts taking the contract out of the statute or the pleading will be demurrable. He cites Powder River Live Stock Co. v. Lamb, 38 Neb. 339, 56 N.W. 1019. (See, however, Gill v. Eagleton, 108 Neb. 179, 187 N.W. 871, wherein the rule as above stated is criticised as too broad, in that it does not limit its application to petitions affirmatively showing that the contract is oral.) Plaintiff does not challenge that rule but contends that its petition does state facts which avoid the application of the statute.
The rules are: "A petition challenged by demurrer charges what by reasonable and fair intendment may be implied from the facts stated." Horrigan v. Quinlan, 149 Neb. 538, 31 N.W.2d 430.
"A general demurrer admits the truth of all facts well pleaded as well as *873 the intendments and inferences that may reasonably be drawn from the pleaded facts." O'Shea v. Smith, 142 Neb. 231, 5 N.W.2d 348.
Under the above rules it is clear that plaintiff pleaded one contract, part performance of one contract, and a breach thereof because of failure to fully perform.
But defendant argues that because plaintiff issued two memoranda, each complete in itself and each called a contract by its terms, plaintiff had in effect pleaded two contracts, and contends that delivery under one contract does not take the case out of the statute as to the other. We find no merit in this contention.
As to that contention, the rule is: "The general rule is that, in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in course of the same transaction, are, in the eye of the law, one instrument, and will be read and construed together as if they were as much one in form as they are in substance." Thompson v. Jost, 108 Neb. 778, 189 N.W. 169. See, also, Nebraska Wheat Growers' Assn. v. Smith, 115 Neb. 177, 212 N.W. 39; Brock v. Lueth, 141 Neb. 545, 4 N.W.2d 285; Blum v. Poppenhagen, 142 Neb. 5, 5 N.W. 2d 99.
We think it a fair intendment of the plaintiff's petition that it did not plead the memoranda and the amendment of the one as separate contracts, but rather as evidence going to show that there was an oral contract in fact, and in support of its allegations as to the terms of that contract. It follows that the trial court erred in sustaining the demurrer on the ground that the petition alleged two distinct contracts.
This brings us to the contention that the contract is a severable one and that the part performed can be separated from the part not performed and hence the statute is a bar to recovery on the sale provisions not performed.
Here the trial court and the defendant rely upon the rule stated in 27 C.J., Frauds, Statute of, section 404, page 318. (See, also 37 C.J.S., Frauds, Statute of, § 230, p. 729.) This rule provides that if a parol contract is entire and indivisible and a part of it is within the statute of frauds, the whole contract is unenforceable, but if the contract is divisible, that part of it which is not within the statute may be enforced. The rule has no application here. Obviously this contract, whether divisible or indivisible, was unenforceable when made. There was no part of it when made that was not within the statute.
We have held that "Whether a contract is entire or severable is a question of intention as apparent in the instrument. In an unambiguous contract it is to be determined from the language, the subject-matter and the construction placed upon it by the parties in the light of the surrounding circumstances." Reichert v. Mulder, 121 Neb. 11, 235 N.W. 680.
We find nothing in the plaintiff's petition to indicate an intention that the contract is a severable one. The petition negatives any such conclusion.
The application of the statute of frauds in case of the purchase of a number of articles at the same transaction may depend upon whether there is one contract or more. Whether the negotiations for separate articles result in one entire contract for the whole, or whether the contract for each remains separate and distinct may depend on many circumstances. It does not necessarily follow that the transaction is not a single transaction constituting but one contract because a separate price was agreed upon for each article of merchandise or because some of the articles purchased were to be delivered at one time and some at another. In the end the controlling question is that of the intent of the parties. When made an issue, that question then may become one of fact. Weeks v. Crie, 94 Me. 458, 48 A. 107, 80 Am.St.Rep. 410; Ter Keurst v. First State Bank, 271 Mich. 259, 260 N.W. 158; New Richmond Roller Mills Co. v. Arnquist, 170 Wis. 130, 174 N.W. 557; Blumenthal *874 v. Friedman, 187 Ind. 591, 119 N.E. 713; Brown v. Snider, 126 Mich. 198, 85 N.W. 570.
If this contract is in fact one contract then the part performance admitted by the demurrer takes it without the statute. Farmer v. Gray, Burt & Kingman, 16 Neb. 401, 20 N.W. 276; Kenesaw Mill & Elevator Co. v. Aufdenkamp, 106 Neb. 246, 183 N.W. 294. If in fact there were two contracts, then the part performance pleaded becomes full performance as to the one and no performance as to the other. It then becomes a question of fact. The only construction that can be placed on the petition is that there was one contract. It follows then that the trial court erred in sustaining the demurrer.
The judgment of the trial court is reversed.
Reversed.