BERNARD NAEGELE, APPELLANT, V. LOWELL DOLLEN ET AL.,
APPELLEES.

63 N. W. 2d 165

Filed March 12, 1954. No. 33506.

*Mecham, Stoehr, Moore, Mecham & Hills* and *John A. Rickerson,* for appellant.

*Russell C. Anderson, John A. McKenzie,* and *Joseph A. Troia,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages by Bernard Naegele, plaintiff and appellant, against Lowell Dollen and D. H. Dollen as individuals and as a partnership, doing business as Dollen Hardware Company, and Walter Wasekowski, defendants.

By petition the defendants were charged with negligence resulting in damages to the plaintiff. To the petition the defendants Lowell Dollen and D. H. Dollen, as

individuals and as a partnership, demurred on the ground that it contained insufficient allegations of fact to constitute a cause of action. The demurrer was sustained and the petition was dismissed. From the order sustaining the demurrer and the judgment of dismissal the plaintiff has appealed. The defendant Wasekowski is not a party to the proceeding on appeal. The demurring defendants are appellees here.

The petition, to the extent necessary to be set forth herein, charges that the appellees own and operate a hardware store in Omaha, Nebraska, in which they have for sale to the public guns and ammunition for shotguns, plugs for shotguns, and other dangerous instrumentalities; that on October 28, 1951, plaintiff entered the store as a customer upon the invitation to the public to do so in order to buy merchandise; that as a customer he made a purchase and was leaving, but while in the store he was shot by a shotgun shell from a gun which was negligently, carelessly, and unlawfully discharged in the store; that the gun was discharged by Walter Wasekowski, also a customer, who was about to purchase a plug for his shotgun from the appellees; that the appellees through Lowell Dollen negligently, carelessly, and unlawfully permitted and encouraged Walter Wasekowski, while in the store, to place loaded shotgun shells in the magazine or chamber of the gun and to pump the mechanism thereof to eject the shells in order to ascertain whether or not the plug which the appellees were attempting to sell would fit the mechanism of the gun, and watched him do so; that while this was being attempted the gun was negligently, carelessly, and unlawfully pointed toward the plaintiff and discharged, in consequence of which plaintiff was shot in the rear of his right leg; and that appellees should have reasonably anticipated that the manipulations were highly dangerous to customers in the store, in consequence of which the appellees were guilty of negligence.

The alleged negligence of the appellees is also other-

wise detailed in the petition but the basic charges are contained in the foregoing summary from the petition.

Basic in the determination on whether or not a petition states a cause of action are two principles. One is that a petition challenged by demurrer charges what by reasonable and fair intendment may be implied from the facts stated. Farmers Union Cooperative Elevator Federation v. Carter, 152 Neb. 266, 40 N. W. 2d 870.

The other is that a general demurrer admits the truth of all facts well pleaded as well as the intendments and inferences that may reasonably be drawn from the pleaded facts. Farmers Union Cooperative Elevator Federation v. Carter, *supra*.

It is evident, if the allegations of the petition are true, that Wasekowski was guilty of negligence. The intent of the pleader was to say that the acts of Lowell Dollen were an inseparable and proximate part of an unbroken chain of incidents resulting in injury and damage to plaintiff, a thing which could not and would not have occurred in the absence of the furnishing of the loaded shells and their use with the advice and consent of Dollen.

If therefore the pleaded facts are sufficient to support the intent of the pleader it must be said that the petition states a cause of action and is not vulnerable to attack by general demurrer.

In McClelland v. Interstate Transit Lines, 142 Neb. 439, 6 N. W. 2d 384, it was said: "If the original negligence is of a character which, according to the usual experience of mankind, is liable to invite or induce the intervention of some subsequent cause, the intervening cause will not excuse it, and the subsequent mischief will be held to be the result of the original negligence."

In the usual experience of mankind, was it not reasonable to exact of Lowell Dollen that he anticipate the possibility that in the manipulation of a shotgun in a place of business open to customers it might be discharged with resultant damages to customers in the

store? We think the answer to this question must be in the affirmative.

Certainly he was charged with the knowledge that a loaded gun is a dangerous instrumentality, and in dealing with it he was charged with the highest degree of care to prevent injuries to others. Skinner v. Ochiltree, 148 Fla. 705, 5 So. 2d 605, 140 A. L. R. 410; Charlton v. Jackson, 183 Mo. App. 613, 167 S. W. 670; Phillips v. D'Amico (La. App.), 21 So. 2d 748; Berry v. Harper (Tex. Civ. App.), 111 S. W. 2d 795; Corn v Sheppard, 179 Minn. 490, 229 N. W. 869.

In Corn v. Sheppard, *supra*, it was said: "Firearms are recognized as such dangerous instrumentalities that where a person has a gun in his hands and it is discharged, even accidentally and unintentionally, he is held liable for the injuries caused thereby, unless he shows that he took all reasonable precautions to guard against accidents and that the discharge of the weapon did not result from any careless act on his part."

This rule may appear severe but it may not be said to be unreasonable. It is but an application of the principle involved in the res ipsa loquitur rule.

It is difficult to find any reason to fail to apply the rule in a case where it is alleged that another person participated in an accidental discharge of a gun by furnishing the ammunition and by giving advice in the manipulation of the firearm.

The case of Berry v. Harper, *supra*, closely parallels the allegations of the petition filed herein. In that case a man who had purchased a gun at a second-hand store was allowed, in a store, as here, to see if loaded shells would work in the gun. The court, in the following language, held that the question of negligence was one to be determined by a jury: "However, should it be assumed that the firing of the gun was necessarily caused by either some mechanical defect in the gun or by some inaccurate manipulation of the gun by Woodruff (as distinguishable from a negligent manipulation), still

we think it was a proper matter for the jury to determine, as they did, from all the attending facts and circumstances, whether Summers in the exercise of ordinary care ought reasonably to have anticipated the intervention of either or both of such facts and foreseen that such an accident or a similar one would likely result from his permission to Woodruff to manipulate the gun with loaded shells * * *. Hence Summers had no special reason to rely on Woodruff's ability to accurately manipulate an automatic gun. * * * Hence Summers had no special reason to rely upon the gun as being free from mechanical defects."

In the light of what has been said herein we are of the opinion that the petition states a cause of action against the appellees.

The judgment of the district court is reversed and the cause is remanded with directions to overrule the demurrer.

REVERSED AND REMANDED WITH DIRECTIONS.